UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH SCHRECENGOST, JR.,

      Plaintiff,

v.

NORFOLK SOUTHERN RAILROAD COMPANY
and PACIFIC RAIL SERVICES,

      Defendants.

---

Civil Case No.: 23-cv-211

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

    Defendant, Norfolk Southern Railroad Company, ("Norfolk Southern"), by their attorneys, GERBER CIANO KELLY & BRADY LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 81, files this Notice of Removal of the above-captioned matter from the Supreme Court of the State of New York, Erie County (Index No. 811922/2022) to the United States District Court for the Western District of New York.

### Statement of Grounds for Removal

    1.    On or about October 4, 2022, the above-entitled civil action was commenced by Plaintiff Joseph Schrecengost, Jr., ("Plaintiff") against Defendant, Norfolk Southern Railway Company in the Supreme Court of the State of New York, Erie County, by filing of a Summons and Complaint with the clerk of that court, which action was assigned Index No. 811922/2022. A true copy of the Summons and Complaint and accompanying Exhibits is annexed hereto as **Exhibit A.**

2.     Plaintiff served Norfolk Southern through the Secretary of State on October 5, 2022. A true copy of the Affidavit of Service is attached hereto as **Exhibit B.**

3.     Norfolk Southern filed an Answer on or about November 4, 2033. A true copy of the Answer is annexed hereto as **Exhibit C**.

4.     On or about January 27, 2023, Plaintiff filed a Stipulation amending the caption of the matter to add in Defendant, Pacific Rail Services, LLC ("Pacific Rail"). A true copy of the Stipulation is annexed hereto as **Exhibit D**.

5.     Plaintiff filed an Amended Summons and Amended Complaint adding Defendant, Pacific Rail, on February 1, 2023. A true copy of the Amended Summons is annexed hereto as **Exhibit E.** A true copy of the Amended Complaint is annexed hereto as **Exhibit F**. Norfolk Southern has not yet answered the Amended Complaint.

6.     On February 13, 2023 plaintiff served a Verified Bill of Particulars and discovery responses with a response to Norfolk Southern's CPLR 3017(c) demand for relief. (**Exhibit G**). These were received by our office on 2/13/23.

7.     This Notice of Removal is timely filed, pursuant to 28 § U.S.C. 1446(b) within thirty (30) days of Defendant, Norfolk Southern's receipt of Plaintiff's Verified Bill of Particulars and CPLR 3017(c) Demand for Relief, both of which show for the first time that the amount in controversy is above $75,000.

8.     The documents attached hereto as Exhibits A through G constitute all of the process and pleadings served or filed upon Defendants in the State Court Action, in compliance with 28 U.S.C. §1446(a).

**The Parties' Citizenship**

9. Plaintiff's Summons and Complaint alleges that he has been a resident of the County of Erie, State of New York (**Ex. A, ¶1**).

10. Plaintiff's Complaint alleges that Norfolk Southern Railway Company has been a corporation duly authorized to conduct business the State of New York; that Norfolk Southern has conducted business in the State of New York; has maintained a place of business in the State of New York; has regularly done and solicited business in the State of New York; engaged in other persistent courses of conduct within the State of New York; has derived substantial revenue from goods sold and/or rendered within the State of New York and has owned, used or possessed real properties situated within the State of New York. (**Ex. A, ¶¶2-6**).

11. Plaintiff's Amended Complaint alleges that Pacific Rail Services, LLC has been foreign limited liability company duly authorized to conduct business in the State of New York, has conducted business in the State of New York; has maintained a place of business located in the State of New York ; has regularly done and solicited business in the State of New York; engaged in other persistent courses of conduct within the State of New York; has derived substantial revenue from goods sold and/or rendered within the State of New York; has owned, used or possessed real properties situated within the State of New York. (**Ex. E, ¶¶8-12**).

12. Defendant Norfolk Southern is a Virginia Corporation, with its principal headquarters located in Atlanta, Georgia.

13. A Rule 7.1 Statement for Defendant Norfolk Southern is being filed simultaneously with this Notice of Removal.

**Amount in Controversy**

14. Plaintiff did not specify the amount of his alleged damages in the Complaint or Amended Complaint. Rather, Plaintiff alleges he is entitled to recover damages that he suffered in an amount that exceeds the monetary jurisdictional limits of all lower courts that would otherwise have jurisdiction.

15. In Plaintiff's CPLR 3017(c) Demand for Relief, which was received by our office on 2/13/23, Plaintiff demanded $1 million. *See* **Exhibit G**.

16. Based on Plaintiff's allegations and the injuries in his Verified Bill of Particulars, there is reasonable probability that the damages sought for this claim are in excess of the statutory jurisdictional amount of $75,000.00. *Mehlenbacher v Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000). *See also, Wysokowski v Roll*, 94-CV-1390, 1995 U.D. Dist. LEXIS 2371, * 10 (N.D.N.Y. Feb 22, 1995) (the court "may rely upon the pleadings themselves to satisfy the amount in controversy requirement."). Thus, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that it is a civil action between "citizens of different States" and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**Venue**

17. The United States District Court for the Western District of New York is the District Court for the United States encompassing the place where the State Court Action is pending and is the Court to which this action may be removed pursuant to 28 U.S.C. § 1441.

### Consent of All Defendants

18. Although co-defendant Defendant Pacific Rail has not appeared in the action, it has provided consent to the removal of this action through its attorneys at Goldberg Segalla. This Notice of Removal is filed with unanimity of all Defendants and their legal counsel. Norfolk Southern is optimistic that in the coming weeks, counsel for co-defendant Pacific will be substituted for current counsel for Norfolk Southern so that both defendants will be defended by one law firm.

### Procedural Requirements

19. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Defendant Norfolk Southern received plaintiff's Verified Bill of Particulars and a response to Plaintiff's CPLR 3017(c) Demand for Relief.

20. No further proceedings have been had herein in the Supreme Court of the State of New York, Erie County, except as indicated above.

21. As required by 28 U.S.C. §1446(d), a notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Erie, as required by 28 U.S.C. §1446(d).

22. In accordance with 28 U.S.C. §1446(d) Defendant shall promptly provide Plaintiff's counsel with written notice of the filing of this Notice of Removal.

WHEREFORE, Defendant, Norfolk Southern Railroad Company, respectfully requests the Court to remove this action to the United States District Court for the Western District of New York, and that the Court grant Defendant such other and further relief as to the Court may seem just and proper.

Dated: March 9, 2023
      Buffalo, New York

                                              **GERBER CIANO KELLY BRADY LLP**

                                              *s/ Joshua P. Rubin*
                                              Joshua P. Rubin, Esq.
                                              *Attorneys for Defendant*
                                              *Norfolk Southern Railway Company*
                                              P.O. Box 1060
                                              Buffalo, New York 14201
                                              Tel.: (716) 306-6590
                                              jrubin@gerberciano.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Notice of Removal has been sent by First Class Mail, to Cellino Law LLP, Denis J. Bastible, Esq., 800 Delaware Avenue, Buffalo, New York 14209, Attorneys for Plaintiff, and Goldberg Segalla LLP, Aaron Schiffrik, Esq., 5786 Widewaters Parkway, Syracuse, NY 13214, Attorneys for Pacific Rail Services, both on the 9th day of March, 2023.

*s/ Joshua P. Rubin*
Joshua P. Rubin